**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEBRASKA**

**UNITED STATES OF AMERICA**
        **Plaintiff**

**v.**                                   **Case Number 8:01cr147**

                                       **USM Number 17181-047**

**ERIC FRAZIER**
        **Defendant**

                                     **David M. O'Neil**

                                     **Defendant's Attorney**

_____

**JUDGMENT IN A CRIMINAL CASE**
**(For Revocation of Probation or Supervised Release)**

**THE DEFENDANT** admitted guilt to violation of standard condition 7 and special condition 6 of the term of supervision.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offenses:

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 2 | Admittance of marijuana use. | April 20, 2006 |
| 3 | Failure to submit urine sample | January 3, 2006 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and Booker/FanFan decisions.

Allegation 1 is withdrawn on the motion of the United States.

Following the imposition of sentence, the Court advised the defendant of his right to appeal pursuant to the provisions of Fed. R. Crim. P. 32 and the provisions of 18 U.S.C. § 3742 (a) and that such Notice of Appeal must be filed with the Clerk of this Court within ten (10) days of this date.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

                                   Date of Imposition of Sentence:
                                           May 10, 2006

                                     **s/ Joseph F. Bataillon**
                                       United States District Judge

                                         May 12, 2006

Defendant: ERIC FRAZIER                                                                 Page 2 of 6
Case Number: 8:01CR147-1

# ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this _____ day of _____,
_____

_____
Signature of Defendant

# RETURN

It is hereby acknowledged that the defendant was delivered on the _____ day of
_____, _____ to _____, with a certified copy of
this judgment.

_____
UNITED STATES WARDEN

By:_____

**NOTE: The following certificate must also be completed if the defendant has not signed
the Acknowledgment of Receipt , above.**

# CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the defendant this _____ day
of _____, _____

_____
UNITED STATES WARDEN

By:_____

Defendant: ERIC FRAZIER                                                                                                   Page 3 of 6
Case Number: 8:01CR147-1

## SUPERVISED RELEASE

Upon completion of Home Confinement,  the defendant shall remain on the current term of supervised release **until May 9, 2009.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two period drug tests thereafter.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).  The defendant shall also comply with any additional conditions.

## STANDARD CONDITIONS OF SUPERVISION

1.      The defendant shall not leave the judicial district without the permission of the court or probation officer;
2.      The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3.      The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4.      The defendant shall support his or her dependents and meet other family responsibilities;
5.      The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6.      The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7.      The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8.      The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9.      The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10.     The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

Defendant: ERIC FRAZIER                                                                          Page 4 of 6
Case Number: 8:01CR147-1

11.     The defendant shall notify the probation officer within seventy-two hours of being
        arrested or questioned by a law enforcement officer;
12.     The defendant shall not enter into any agreement to act as an informer or a special
        agent of a law enforcement agency without the permission of the court;
13.     As directed by the probation officer, the defendant shall notify third parties of risks that
        may be occasioned by the defendant's criminal record or personal history or
        characteristics and shall permit the probation officer to make such notifications and to
        confirm the defendant's compliance with such notification requirement.


## SPECIAL CONDITIONS OF SUPERVISION

1.      The defendant shall participate in the Home Confinement program under electronic monitoring for
        a period of **ninety (90)  consecutive days**.  Home confinement shall commence according to a
        schedule arranged by the home confinement specialist. The defendant shall comply with the
        provisions of the Home Confinement Participant Agreement and shall pay for the costs of
        electronic monitoring.

2.      Defendant shall be subject to the search of the defendant's premises, vehicle or person, day or
        night, with or without a warrant, at the request of the U.S. Probation Officer to determine the
        presence of alcohol and/or controlled substances, firearms or any other contraband.  Any such
        items found may be seized by the U.S. Probation Officer.  This condition may be invoked with or
        without the cooperation of law enforcement officers

3.      The defendant shall attend, pay for and successfully complete any diagnostic evaluation,
        treatment or counseling program, or approved support groups (e.g., AA/NA) for alcohol and/or
        controlled substance abuse, as directed by the U.S. Probation Officer.

4.      Defendant shall pay restitution in the amount of **$2,619.00** to the Clerk of the U.S. District Court,
        111 S. 18th Plaza, Suite 1152, Omaha, Nebraska 68102-1322.  Restitution shall be paid in
        accordance with the schedule set forth in the "Schedule of Payments" set forth in this judgment.
        Defendant shall be responsible for providing proof of payment to the U.S. Probation Officer as
        directed.

5.      Defendant is prohibited from incurring new credit charges or opening additional lines of credit
        without prior written approval of the U.S. Probation Officer.

6.      Defendant shall provide the U.S. Probation Officer with access to any requested financial
        information.

7.      Pursuant to 18 U.S.C. § 3583 (d), defendant shall submit to a drug test within fifteen (15) days of
        release on Supervised Release and at least two (2) periodic drug tests thereafter to determine
        whether the defendant is using a controlled substance.  Further, defendant shall submit to such
        testing as requested by any U.S. Probation Officer to detect the presence of alcohol or controlled
        substances in the defendant's body fluids and to determine whether the defendant has used any
        of those substances.  Defendant shall pay for the collection of urine samples to be tested for the
        presence of alcohol and/or controlled substances.

8.      Defendant shall report to the Supervision Unit of the U.S. Probation Office for the District of
        Nebraska between the hours of 8:00am and 4:30pm, 111 South 18th Plaza, Suite C79, Omaha
        Nebraska, (402) 661-7555, within seventy-two (72) hours of release from confinement.

Defendant: ERIC FRAZIER                                                                    Page 5 of 6
Case Number: 8:01CR147-1

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| **$100.00**<br>**Has been paid in full.** | | **$2,619.00** - **a balance of**<br>**$752.75 remaining** |

The Court has determined that the defendant does not have the ability to pay interest and it is ordered that:

## FINE

No fine imposed.

## RESTITUTION

Restitution in the amount of **$2,619.00** is hereby ordered.  The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Creighton Federal Credit Union | $2,619.00 | $2,619.00 | Priority Order/Percentage |
| **Totals** | $2,619.00 | $2,619.00 | |

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

Defendant: ERIC FRAZIER                                                                                                                  Page 6 of 6
Case Number: 8:01CR147-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay; payment of the total criminal monetary penalties shall be due as follows:

Special instructions regarding the payment of criminal monetary penalties:

**Defendant shall pay twenty-five percent (25%) of his prison earnings towards his outstanding restitution and special assessment.  Following release from incarceration, defendant shall make payments to satisfy the special assessment and restitution obligations in monthly installments of $100.00 or ten percent (10%) of the defendant's gross income, whichever is greater.  The first payment shall commence thirty (30) days following the defendant's discharge from incarceration.**

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer or the United States attorney.

All financial penalty payments are to be made to the Clerk of Court for the District of Nebraska, 111 S. 18th Plaza, Suite 1152, Omaha, NE 68102-1322.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the
United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M. LUCKS, CLERK

By _____Deputy Clerk